# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| L.C., T.C., J.C., and D.C., *all minors under the age of ten (10) years, by and through their guardian* ad litem *Darline Canzater*; *and* Darline Canzater, *individually*, <br><br> Plaintiffs, <br><br> v. <br><br> South Carolina Department of Social Services, Alexis Eaddy, *and* John *and* Jane Roe, *whose names are unknown*, <br><br> Defendants. | Civil Action No. 3:17-3165-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants' partial motion to dismiss as to Defendants Alexis Eaddy, John Roe, and Jane Roe. For the reasons set forth below, the Court denies the motion.

## I. Background

Plaintiffs allege that Defendants removed the minor Plaintiffs L.C., T.C., J.C. and D.C. from their mother, Plaintiff Darline Canzater, and restricted Plaintiffs' intra-familial association for approximately nineteen months, beginning in September 2015, based on insufficient allegations of corporal abuse. Plaintiffs also allege Defendants "removed D.C., a newborn, approximately two months postpartum without any additional report, investigation and/or sufficient legal cause." (Dkt. No. 1-1 at 8.) Plaintiffs further allege Defendants "failed to schedule or request, at any time, any hearing to include a probable cause hearing as required pursuant to South Carolina Code Section 63-7-710 to determine the validity of the removal of the minor plaintiffs from Darline Canzater until March 17, 2017." (*Id.*). Following that hearing, on July 1, 2017, the Richland County Family Court dismissed Defendants' complaint to remove the minor

children from Plaintiff Canzater and found that "[n]o probable cause hearing was ever convened in this matter as required by S.C. Code Ann. §[]63-7-710." (Dkt. No. 1-1 at 21.)

On September 5, 2017, Plaintiffs filed the present action in the Richland County Court of Common Pleas. Plaintiffs allege state-law causes of action for negligence and gross negligence, negligence *per se*, defamation, outrage, false imprisonment, and breach of fiduciary duty, and a federal cause of action under § 1983 for violation of Plaintiffs' due process rights, against Defendants the South Carolina Department of Social Services ("DSS"), Alexis Eaddy (a DSS caseworker), and John and Jane Roe defendants (unidentified employees of DSS). Defendants timely removed on November 21, 2017, and on the same day moved to dismiss § 1983 claims against Defendants Eaddy, John Roe, and Jane Roe.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The individual Defendants—Alexis Eaddy, John Roe, and Jane Roe—argue that Plaintiff's § 1983 claims against them should be dismissed with prejudice "because the plaintiffs' have failed to allege any individual actions of these defendants in violation of the plaintiffs' constitutional rights." (Dkt. No. 5-1 at 2.) Regarding John Doe suits, the Fourth Circuit has held that "if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982) (footnote omitted). This Court understands "true identity" to encompass not just a person's name, but also that person's specific role in the complained-of events.[1] Especially where, as here, all unknown defendants are allegedly employees or agents of a named defendant, it would be illogical to hold that the plaintiff must somehow know exactly which unknown person took which action before filing a complaint. It would also be unjust where, as here, the identity of the John Doe defendants is known only to a named defendant.

---

[1] Thus, in the Court's view, at this time Defendant Alexis Eaddy is essentially a Jane Doe defendant.

-3-

Defendants' argument therefore is without merit. The complaint contains detailed factual allegations sufficient to satisfy the requirements of notice pleading. (*See* Dkt. No. 1-1 at 8–9.) DSS is an inchoate entity that acts only through its agents. The complaint clearly alleges that DSS employees whose identities are not yet known to Plaintiffs took the complained-of actions. There is no reason to believe that the identities of those employees will not be ascertained during discovery.

Further, it does not escape the Court's notice that Defendants' motion, if granted, would leave DSS as the only § 1983 Defendant. As counsel is doubtless aware, DSS is not a "person" for purposes of § 1983 and therefore is not a proper defendant for § 1983 claims. *See, e.g., Tate v. State, Dep't of Soc. Servs.*, No. CV 3:16-2714-MBS, 2016 WL 4804115, at *1 (D.S.C. Sept. 14, 2016). Defense counsel tacitly ask the Court to dismiss Plaintiff's § 1983 claims entirely and with prejudice, without considering the actual merits of the claims. The Court declines to do so.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 5) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 27, 2017
Charleston, South Carolina